■ In the Matter of PEARLIE MAE GREGORY, Respondent, v BELVIN GREGORY, JR., Appellant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Intervenor Respondent. [890 NYS2d 591]—

The father and the mother married in 1985 and had three children. In 2001 the parents physically separated and the mother retained custody of the children. At some unspecified time, the parents agreed that the father would have primary custody of their two sons, and the mother would have primary custody of their daughter. Although there was no written agreement or court order concerning child support, the father claims that he and the mother agreed that each parent would support the child or children in her or his custody, respectively.

Thereafter, the mother applied for and was awarded public assistance. The mother received public assistance from August 1, 2004 until May 31, 2007, in the total amount of $26,830.67, of which the sum of $13,415.44 was attributable to the support of the parties' daughter, who was the child in her custody. In May 2007 the mother commenced this Family Court Act article 4 proceeding seeking child support for the parties' daughter. The Nassau County Department of Social Services (hereinafter the NCDSS) intervened in the proceeding, seeking payment of child support from the father, which sum included the money it had paid to the mother on behalf of the parties' daughter. After a hearing, the Support Magistrate calculated the father's support obligation for his daughter for the subject period to be $26,006.26, and directed him to pay that amount to the NCDSS. The father filed objections, the Family Court denied the objections, and the father now appeals.

Initially, contrary to the NCDSS's position, despite the father's failure to file a complete transcription of the entire

hearing with either the Family Court or this Court, the appeal should not be dismissed since the appendix he submitted is sufficient for the purpose of reviewing the issues he raises (*cf. Martin v Dominick*, 280 AD2d 586 [2001]). Turning to the merits, the Family Court's directive that the father pay the NCDSS the sum of $26,006.26 was proper. Since the support obligation of a parent of a child receiving public assistance is measured by the child's needs and the parent's means, not by the amount of public assistance paid on behalf of the child, the Family Court acted properly in declining to limit the amount required to be paid by the father to the NCDSS to the child's share of the public assistance grant (*see Matter of Commissioner of Social Servs. v Segarra*, 78 NY2d 220 [1991]). Furthermore, contrary to the father's contention, he was not entitled to offset alleged unpaid child support from the mother against the amount he owed to the NCDSS. Indeed, during the relevant time period, there was no support obligation imposed upon the mother for the children who were in the custody of the father.

The father's remaining contentions are without merit. Mastro, J.P., Belen, Hall and Austin, JJ., concur.