■ WELLS FARGO, N.A., Doing Business as AMERICAS SERVICING COMPANY, Respondent, v OFRA LEVIN, Appellant, et al., Defendants. [958 NYS2d 227]—

Egan Jr., J.

In September 2009, plaintiff commenced this foreclosure ac-

---

tion against defendant, and defendant, in turn, answered and raised lack of standing as an affirmative defense, contending that defendant was not the true owner or holder of the note. Plaintiff then moved for summary judgment and an order of reference, and defendant cross-moved for, among other things, an order directing compliance with various discovery demands. Supreme Court granted plaintiff's motion and denied defendant's cross motion, prompting defendant to move for reargument, renewal and vacatur of the underlying order. Supreme Court denied defendant the requested relief, and this appeal ensued.

We affirm. Initially, to the extent that defendant sought reargument, we agree with Supreme Court that this portion of defendant's motion was untimely (*see* CPLR 2221 [d] [3]). In any event, it is well settled that no appeal lies from the denial of a motion to reargue (*see Matter of County of Broome*, 90 AD3d 1260, 1261 [2011]).

As for that aspect of the motion seeking renewal, the crux of defendant's argument on this point is that the law firm that represented plaintiff before Supreme Court allegedly engaged in various fraudulent and deceptive practices in other foreclosure actions relative to, among other things, the preparation of certain foreclosure documents. According to defendant, the law firm's conduct in those other (and unrelated) matters, as well as the ethical questions raised in conjunction therewith, necessarily call into question the validity of the documents prepared and filed in this case—particularly with respect to the undated rider transferring the note to plaintiff.

To be sure, the law firm in question has been involved in a number of cases in which the foreclosure documentation was not properly completed, resulting in the invalidation of the underlying proceedings and/or the imposition of sanctions (*see e.g. JP Morgan Chase Bank, N.A. v Ramirez*, 2011 NY Slip Op 30488[U] [Sup Ct, Suffolk County 2011]; *Federal Home Loan Mtge. Corp. v Raia*, 29 Misc 3d 1226[A], 2010 NY Slip Op 52003[U] [Dist Ct, Nassau County 2010]; *HSBC Bank USA, N.A. v Yeasmin*, 27 Misc 3d 1227[A], 2010 NY Slip Op 50927[U] [Sup Ct, Kings County 2010]; *Lasalle Bank N.A. v Smith*, 26 Misc 3d 1239[A], 2010 NY Slip Op 50470[U] [Sup Ct, Kings County 2010]). These cases, however, are of no aid to defendant in the context of her motion to renew, as many of them were decided prior to the underlying summary judgment motion and, in any event, the law firm's conduct in the cited matters does not establish that it engaged in fraudulent or deceptive practices in this case. As defendant failed to come forward with new

information, as well as a reasonable justification for failing to bring such facts to Supreme Court's attention in the first instance (*see* CPLR 2221 [e]; *JPMorgan Chase Bank, N.A. v Malarkey*, 65 AD3d 718, 719-720 [2009]), the court properly denied defendant's request for renewal.

We reach a similar conclusion regarding defendant's motion pursuant to CPLR 5015 seeking to vacate the order granting summary judgment in favor of plaintiff. To the extent that defendant sought relief under the newly discovered evidence prong of CPLR 5015 (a) (2), such motion is more properly considered as one for renewal pursuant to CPLR 2221 (e) (3) (*see Abrams v Berelson*, 94 AD3d 782, 783 [2012], *appeal dismissed* 19 NY3d 949 [2012]) and, for the reasons previously discussed, is lacking in merit. Further, as the cases relied upon by defendant again fall short of demonstrating that plaintiff and/or the law firm then representing it engaged in fraud, misrepresentation or other misconduct in the matter now before us, defendant's request for vacatur under CPLR 5015 (a) (3) also was properly denied. Finally, to the extent that defendant seeks to invoke the lack of jurisdiction provision set forth in CPLR 5015 (a) (4), defendant's argument on this point is premised upon her assertion that plaintiff was not the legal owner or holder of the underlying note and, hence, lacked standing to commence the foreclosure action. Lack of standing, however, is not a defect that deprives a court of subject matter jurisdiction for purposes of CPLR 5015 (a) (4) (*see Lacks v Lacks*, 41 NY2d 71, 74-75 [1976]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 243-244 [2007]). Accordingly, defendant's argument on this point must fail. Defendant's remaining contentions in support of the various branches of her motion, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.