■ WASHINGTON MUTUAL BANK, Formerly Known as WASHINGTON MUTUAL BANK FA, Successor by Merger to the DIME SAVINGS BANK OF NEW YORK, FSB, Respondent, v VERNON WADE et al., Defendants, and KATHRYN WESTBROOKS, Appellant. [989 NYS2d 857]—

In an action to foreclose a mortgage, the defendant Kathryn Westbrooks appeals (1), as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered December 6, 2011, as, upon, in effect, reargument, adhered to a determination in an order of the same court entered March 14, 2011, denying her motion, made jointly with the defendant Vernon Wade, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a), and denying her separate motion, among other things, in effect, pursuant to CPLR 5015 (a) (3) to vacate a judgment of foreclosure and sale of the same court (Brennan, J.), entered September 1, 2006, upon her failure to appear or answer the complaint, (2) from so much of an order of the same court (Adams, J.), entered February 16, 2012, as denied that branch of her motion which was for leave to renew her prior motions, which were denied in the order entered December 6, 2011, and (3) from an order of the same court (Adams, J.), entered August 7, 2012, which denied her motion, inter alia, pursuant to CPLR 5015 (a) (2) and (3) to vacate the judgment of foreclosure and sale.

Ordered that the orders entered December 6, 2011, and February 16, 2012, are affirmed insofar as appealed from; and it is further,

Ordered that the order entered August 7, 2012, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the plaintiff's contention, the appellant's appendix is sufficient for the purpose of reviewing the issues she raises (*see Matter of Gregory v Gregory*, 68 AD3d 770, 771-772 [2009]; *Wilson v Power House Dev. Corp.*, 12 AD3d 505 [2004]).

The appellant moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a), and separately moved, among other things, in effect, pursuant to CPLR 5015 (a) (3) to vacate a judgment of foreclosure and sale entered upon her failure to appear or answer the complaint. The Supreme Court denied those motions. The appellant then moved for leave to reargue the prior motions. Upon, in effect, reargument, the Supreme Court properly adhered to its original determination, since the appellant did not demonstrate that the plaintiff engaged in the type of fraud, misrepresentation, or misconduct that would warrant vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3) (*see U.S. Bank N.A. v Allen*, 102 AD3d 955 [2013]; *U.S. Bank N.A. v Tate*, 102 AD3d 859, 860 [2013]; *Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d 810, 811 [2012]; *Bank of N.Y. v Stradford*, 55 AD3d 765, 766 [2008]).

The Supreme Court properly denied that branch of the appellant's subsequent motion which was for leave to renew, since the new evidence offered on the motion would not have changed the prior determination (*see* CPLR 2221 [e] [2]; *Hughes v Welsbach Elec. Co.*, 101 AD3d 684, 685 [2012]; *Arthur J. Gallagher & Co. v Marchese*, 96 AD3d 791, 792 [2012]).

The Supreme Court also properly denied the appellant's subsequent motion, inter alia, pursuant to CPLR 5015 (a) (2) and (3) to vacate the judgment of foreclosure and sale. The newly discovered evidence relied upon by the appellant would not have "produced a different result" in the entry of the default judgment of foreclosure and sale (CPLR 5015 [a] [2]; *see Stipo v Carpenito*, 92 AD3d 864, 865 [2012]). Moreover, the new evidence failed to demonstrate that the plaintiff engaged in fraud, misrepresentation, or misconduct warranting vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3) (*see U.S. Bank N.A. v Allen*, 102 AD3d 955 [2013]; *U.S. Bank N.A. v Tate*, 102 AD3d at 860; *Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d at 811; *Bank of N.Y. v Stradford*, 55 AD3d at 766).

The appellant's remaining contentions either are without merit or have been rendered academic in light of our determination. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.