■ MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Respondent, v ORINTHIA GIFFORD, Appellant, et al., Defendants. [20 NYS3d 9]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 24, 2013, which denied defendant Gifford's motion to vacate, inter alia, a judgment of foreclosure, and, thereupon, to permit her to answer or to dismiss the complaint, unanimously affirmed, without costs.

The instant foreclosure proceeding was commenced by plaintiff, Mortgage Electronic Registration Systems, Inc. (MERS), in 2000, and judgment of foreclosure was eventually entered in April 2006 after Gifford defaulted. Gifford brought two motions to vacate the judgment, which were denied. MERS

acquired title to the premises by sheriff's sale on December 12, 2007, and assigned its bid to Aurora Loan Services Inc. (Aurora) in February 2009. Aurora then commenced a holdover proceeding in Civil Court, which the parties settled in May 2010, with Gifford consenting to a judgment of possession and a warrant in favor of Aurora.

In February 2012, Gifford brought a motion by order to show cause seeking dismissal of the foreclosure action on the ground, inter alia, that MERS lacked standing to maintain the action. By order entered May 21, 2012, the court denied the motion, holding that Gifford had waived the defense of lack of standing by failing to raise it in an answer or pre-answer motion to dismiss (CPLR 3211 [e], [a] [3]), and that she had failed to establish a basis for vacating the judgment.

Gifford did not appeal that order, but moved in October 2012 to vacate the judgment on the ground that MERS lacked standing to sue since it did not own the note and mortgage, based on an affidavit submitted during the mortgage proceeding that asserted that Aurora owned the note and mortgage (*see Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2d Dept 2011]). Gifford argued that, since MERS lacked standing to sue, the Supreme Court lacked subject matter jurisdiction.

The Supreme Court properly denied the motion on the ground that essentially the same issue of lack of standing had been resolved in the May 2012 order, which Gifford did not appeal. The May 2012 order therefore became "a valid and conclusive adjudication of the parties' substantive rights" (*Da Silva v Musso*, 76 NY2d 436, 440 [1990]), absent a ground for vacatur pursuant to CPLR 5015 (*see Matter of Huie [Furman]*, 20 NY2d 568, 572 [1967]; *Citizens Bank of Appleton City, Mo. v C.L.R. Brooklyn Realty Corp.*, 5 AD3d 528 [2d Dept 2004]).

Defendant's additional contention that MERS' lack of standing deprived the court of subject matter jurisdiction did not warrant a different result. The defenses of standing and capacity to sue are both subject to the same waiver rule under CPLR 3211 (e) (*Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2d Dept 2007]). "Whether the action is being pursued by the proper party is an issue separate from the subject matter of the action or proceeding, and does not affect the court's power to entertain the case before it" (*id.* at 243; *see Security Pac. Natl. Bank v Evans*, 31 AD3d 278 [1st Dept 2006], *appeal dismissed* 8 NY3d 837 [2007]). The Supreme Court is a court of general jurisdiction, and indisputably has the power to entertain mortgage foreclosure actions, including "issues regarding the defense of lack of capacity or standing and

waiver, had those issues been timely raised" (*id.* at 280; *Wells Fargo Bank*, 42 AD3d at 244). Thus, the foreclosure judgment is not subject to vacatur for lack of subject matter jurisdiction pursuant to CPLR 5015 (a) (4).

Gifford also did not demonstrate entitlement to vacatur pursuant to CPLR 5015 (a) (1), since she did not demonstrate a reasonable excuse for her default or move within one year. Nor did she demonstrate grounds for vacatur based on fraud or misrepresentation, since the alleged wrongdoing was not "extrinsic fraud," or "a fraud on the defaulting party that induces them not to defend the case" (*Matter of Renaissance Economic Dev. Corp. v Jin Hua Lin*, 126 AD3d 465, 465 [1st Dept 2015]; CPLR 5015 [a] [3]). The circumstances do not warrant vacatur in the interests of justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). Concur—Tom, J.P., Friedman, Andrias, Gische and Kapnick, JJ.