■ James Behringer, Respondent, v 19407 Linden, LLC, Also Known as 194-07 Linden, LLC, et al., Defendants, and

ALI ABDULLAH SADIQ et al., Appellants. [29 NYS3d 816]—In an action to foreclose a mortgage, the defendants Ali Abdullah Sadiq and Ellen Sadiq appeal from an order of the Supreme Court, Queens County (Raffaele, J.), entered June 16, 2015, which denied their motion pursuant to CPLR 5015 (a), in effect, to vacate an order of the same court (Rios, J.) entered January 14, 2010, granting the plaintiff's motion, inter alia, for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff, and pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, "lack of standing is not a defect that deprives a court of subject matter jurisdiction for purposes of CPLR 5015 (a) (4)" (*U.S. Bank, N.A. v Peters*, 127 AD3d 742, 743 [2015]; *see Lacks v Lacks*, 41 NY2d 71, 74-75 [1976]; *Wells Fargo, N.A. v Levin*, 101 AD3d 1519, 1521 [2012]). Accordingly, that branch of the appellants' motion which was pursuant to CPLR 5015 (a) (4) was properly denied.

The appellants' request for vacatur under CPLR 5015 (a) (3) was also properly denied (*see US Bank N.A. v Smith*, 132 AD3d 848, 851 [2015]; *New Century Mtge. Corp. v Corriette*, 117 AD3d 1011, 1012 [2014]; *Bank of N.Y. v Stradford*, 55 AD3d 765, 765-766 [2008]).

The appellants' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.