■ PENNYMAC CORP., Respondent, v HENRY WEISS et al., Appellants. [59 NYS3d 113]—

In an action to foreclose a mortgage, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Garvey, J.), dated November 28, 2014, which granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against them, for an order of reference, and to amend the caption to substitute PennyMac Corp. as the plaintiff, (2) an order of the same court dated September 1, 2015, which granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied the defendants' cross motion pursuant to CPLR 5015 to vacate the order dated November 28, 2014, entered upon their failure to oppose the plaintiff's motion,

inter alia, for summary judgment on the complaint insofar as asserted against them, (3) a judgment of foreclosure of the same court, also dated September 1, 2015, which, upon the orders, among other things, directed the sale of the subject property.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment of foreclosure is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the intermediate orders dated November 28, 2014, and September 1, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure (see Matter of Aho, 39 NY2d 241, 248 [1976]), and the appeal from the order dated November 28, 2014, must be dismissed in any event for the additional reason that no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1038, 1038 [2016]). The issues raised on the appeal from the order dated September 1, 2015, are brought up for review and have been considered on the appeal from the judgment of foreclosure (see CPLR 5501 [a] [1]).

JPMorgan Chase Bank, National Association, successor in interest by purchase from the FDIC as receiver of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA (hereinafter JPMorgan), commenced this mortgage foreclosure action against, among others, the defendants Henry Weiss and Gitle Weiss (hereinafter together the defendants). JPMorgan moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, for an order of reference, and to substitute PennyMac Corp. (hereinafter PennyMac) as the plaintiff (hereinafter the JPMorgan motion). The Supreme Court granted the unopposed JPMorgan motion in an order dated November 28, 2014. PennyMac then moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants cross-moved pursuant to CPLR 5015 to vacate the order dated November 28, 2014, entered upon their failure to oppose the JPMorgan motion. The Supreme Court granted the motion and denied the cross motion in an order dated September 1, 2015. The court issued a judgment of foreclosure and sale. The defendants appeal from the orders and the judgment of foreclosure.

The Supreme Court properly denied the defendants' cross motion pursuant to CPLR 5015 to vacate the order dated

November 28, 2014, entered upon their failure to oppose the JPMorgan motion. CPLR 5015 (a) (3) permits the court that rendered a judgment or order to relieve a party from it on such terms as may be just on the ground of fraud, misrepresentation, or other misconduct of the adverse party (*see* CPLR 5015 [a] [3]). A defendant moving to vacate a default based on intrinsic fraud, i.e., on the basis that the allegations in the complaint are false, must establish both a reasonable excuse for the default and a potentially meritorious defense to the action (*see Wells Fargo Bank, N.A. v Braun*, 123 AD3d 698 [2014]; *New Century Mtge. Corp. v Corriette*, 117 AD3d 1011, 1012 [2014]; *Bank of N.Y. v Stradford*, 55 AD3d 765, 765-766 [2008]). Here, the defendants proffered no excuse for their default in opposing the motion. Consequently, we need not address whether they had a potentially meritorious defense (*see New Century Mtge. Corp. v Corriette*, 117 AD3d at 1012). Moreover, the defendants failed to establish that the order should be vacated in the interests of substantial justice (*see Summitbridge Credit Invs., LLC v Wallace*, 128 AD3d 676, 678 [2015]).

The defendants' remaining contentions either are without merit or not properly before this Court. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.