■ BANK OF NEW YORK, as Trustee for the Certificate Holders of CWALT 2004-18CB, Respondent, v RICHARD TOBING et al., Appellants, et al., Defendants. [63 NYS3d 106]—Appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated July 31, 2015. The order denied the motion of the defendants Richard Tobing and Sylvia Tobing pursuant to CPLR 5015 (a) (2) to vacate an order of reference and a judgment of foreclosure and sale of that court, entered October 1, 2008, and February 18, 2009, respectively.

Ordered that the order dated July 31, 2015, is affirmed, with costs.

In 2008, the plaintiff commenced this action to foreclose a mortgage. The defendants Richard Tobing and Sylvia Tobing (hereinafter together the defendants) defaulted in the action, and the Supreme Court issued an order of reference. In February 2009, a judgment of foreclosure and sale was entered, but, for various reasons, a sale was never completed. In March 2015, the defendants moved pursuant to CPLR 5015 (a) (2) to vacate the order of reference and the judgment of foreclosure of sale on the basis of newly discovered evidence. The court denied the motion, and the defendants appeal.

Contrary to the defendants' contention, an attorney affirmation that was filed pursuant to Administrative Orders AO/548/10, AO/431/11, and AO/208/13 of the Chief Administrative Judge of the Courts was not newly discovered evidence within the meaning of CPLR 5015 (a) (2) because it was not in existence when the Supreme Court issued the order of reference and the judgment of foreclosure and sale (*see U.S. Bank, N.A. v Peters*, 127 AD3d 742, 743 [2015]; *Chase Home Fin., LLC v Quinn*, 101 AD3d 793, 793 [2012]). In any event, the affirmation is not substantive evidence itself (*see Bank of N.Y. Mellon v Izmirligil*, 144 AD3d 1063, 1066 [2016]; *LaSalle Bank, NA v Pace*, 100 AD3d 970, 971 [2012]), and the defendants failed to establish that its submission would have produced a different

result (*see* CPLR 5015 [a] [2]; *Wells Fargo Bank, N.A. v Watanabe*, 136 AD3d 1413, 1414-1415 [2016]). Accordingly, the court properly denied the defendants' motion pursuant to CPLR 5015 (a) (2) to vacate the order of reference and the judgment of foreclosure and sale. Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.