Chase Manhattan Bank v Nath (2018 NY Slip Op 04695)





Chase Manhattan Bank v Nath


2018 NY Slip Op 04695


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-09937
 (Index No. 3532/01)

[*1]Chase Manhattan Bank, respondent, 
v
Prem Nath, appellant, et al., defendants.


David L. Singer, P.C., Melville, NY, for appellant.
Locke Lord LLP, New York, NY (R. James DeRose III, Casey B. Howard, and Samantha Ingram of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Prem Nath appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated August 25, 2015. The order denied that defendant's motion to vacate a judgment of foreclosure and sale of the same court (Alfred J. Weiner, J.) entered March 2, 2011, and to dismiss the action for lack of standing.
ORDERED that the order is affirmed, with costs.
On September 4, 1998, the defendant Prem Nath (hereinafter the defendant) executed a promissory note in the amount of $500,000 in favor of the Long Beach Mortgage Company (hereinafter Long Beach). As security for the note, the defendant executed a mortgage in favor of Long Beach encumbering real property located in Blauvelt. The defendant defaulted on the loan by failing to make the monthly installment payment due January 1, 2001. Long Beach assigned the mortgage to the plaintiff, Chase Manhattan Bank. In June 2001, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant filed an answer in which he generally denied all of the allegations in the complaint and asserted three affirmative defenses relating, inter alia, to his attempt to make payment of the mortgage note and reinstate the loan.
Following protracted litigation, including a chapter 7 bankruptcy proceeding (see 1978 Bankruptcy Code [11 USC] § 701 et seq.), on March 18, 2010, the defendant, represented by counsel, executed documents entitled "Settlement Agreement and Releases" (hereinafter the settlement agreement) and "Loan Modification Agreement" (hereinafter the loan modification) with "LaSalle Bank National Association, as Indenture Trustee for CSFB Trust 2002-NP14" (hereinafter [*2]LaSalle Bank), by Select Portfolio Servicing (hereinafter SPS), its servicing agent. The settlement agreement stated, inter alia, that the plaintiff had assigned the note and mortgage to LaSalle Bank, and that LaSalle Bank, by SPS, and the defendant wished to settle the foreclosure action. Further, the settlement agreement provided that in the event that the defendant did not make the first three payments in accordance with the loan modification, he agreed and consented to, inter alia, waive any and all defenses to the foreclosure action, the withdrawal and/or dismissal of his answer, and the entry of a judgment of foreclosure and sale. It is undisputed that the defendant failed to make any payment pursuant to the loan modification.
In June 2010, the defendant moved to rescind the loan modification on the grounds of mutual mistake and anticipatory repudiation by the plaintiff, and the plaintiff cross-moved, inter alia, for leave to enter a judgment of foreclosure and sale. In an order entered December 13, 2010, the Supreme Court (Alfred J. Weiner, J.) denied the defendant's motion to rescind the loan modification and granted the plaintiff's cross motion. The court issued a judgment of foreclosure and sale in favor of the plaintiff entered March 2, 2011.
Shortly thereafter, the defendant moved to "renew [the] plaintiff's cross motion" and to vacate the judgment of foreclosure and sale (hereinafter the first motion to vacate), arguing, in effect, that the plaintiff lacked standing. In an order entered July 28, 2011, the Supreme Court (Alfred J. Weiner, J.) denied the first motion to vacate. The court found that the defendant did not offer reasonable justification for failing to offer "the additional facts" in opposition to the cross motion. The court stated that the additional facts were available at the time of the cross motion and were discoverable with appropriate diligence. The defendant took an appeal from that order, but did not perfect the appeal.
Subsequently, the defendant filed a chapter 13 bankruptcy petition (see 1978 Bankruptcy Code [11 USC] ch 13), which was ultimately dismissed. A foreclosure sale was scheduled for December 17, 2014. On or about December 9, 2014, the defendant again moved, inter alia, to vacate the judgment of foreclosure and sale (hereinafter the second motion to vacate). Shortly thereafter, before the plaintiff filed opposition papers, the defendant filed a second chapter 7 bankruptcy petition, which led to the cancellation of the scheduled foreclosure sale. The automatic stay in the chapter 7 bankruptcy proceeding was eventually lifted. In the order appealed from dated August 25, 2015, the Supreme Court (Gerald E. Loehr, J.) denied the second motion to vacate. The court noted that the second motion to vacate was based on essentially the same ground as the first motion to vacate, that is, the plaintiff's lack of standing. The court noted that the second motion to vacate was denied "essentially for the same reasons" stated in the decisions and orders of Justice Weiner and the Bankruptcy Court. The defendant appeals, and we affirm.
We agree with the Supreme Court's denial of that branch of the second motion to vacate which was to vacate the judgment of foreclosure and sale, since that branch of the motion was premised either on the same grounds asserted in the defendant's first motion to vacate, which was denied by the court in an order from which the defendant did not perfect his appeal, or on grounds that were apparent at the time that the defendant made the first motion, but had not been asserted in the first motion (see EMC Mtge. Corp. v Asturizaga, 150 AD3d 824, 825; HSBC Bank USA, N.A. v Legros, 122 AD3d 799, 800; Eastern Sav. Bank, FSB v Brown, 112 AD3d 668, 670; Discover Bank v Qader, 105 AD3d 892).
Moreover, the defendant's contention that the plaintiff fraudulently obtained the judgment of foreclosure and sale by making false allegations in the complaint about its standing and capacity to commence the action and by submitting fraudulent documents to the court amount to an [*3]allegation of intrinsic fraud (see PennyMac Corp. v Weiss, 152 AD3d 712, 714; US Bank N.A. v Galloway, 150 AD3d 1174, 1175; U.S. Bank, N.A. v Peters, 127 AD3d 742, 742-743). The defendant failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would constitute a basis for vacatur of the judgment of foreclosure and sale in the interests of substantial justice (see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 757, 758).
In addition, lack of standing and lack of capacity are not defects that deprive a court of subject matter jurisdiction for purposes of CPLR 5015(a)(4) (see Behringer v 19407 Linden, LLC, 139 AD3d 777, 778; Mortgage Elec. Registration Sys., Inc. v Gifford, 133 AD3d 429, 430-431; Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 983; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239). In any event, the defendant waived these defenses by failing to assert them in his answer or a pre-answer motion to dismiss (see Bank of Am., N.A. v Cudjoe, 157 AD3d 653; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1177; Security Pac. Natl. Bank v Evans, 31 AD3d 278, 280).
Additionally, the defendant failed to demonstrate his entitlement to vacatur pursuant to CPLR 5015(a)(2) based on newly discovered evidence. Even if the evidence proffered was new within the meaning of the statute, the defendant failed to establish that the newly discovered evidence probably would have produced a different result (see Bank of N.Y. v Tobing, 155 AD3d 596, 596; US Bank N.A. v Galloway, 150 AD3d at 1175; IMC Mtge. Co. v Vetere, 142 AD3d 954, 955; Washington Mut. Bank v Wade, 119 AD3d 930, 931).
The defendant's remaining contention regarding the attorney affirmation submitted in compliance with Administrative Order 431/11 is without merit.
Accordingly, we agree with the Supreme Court's denial of that branch of the second motion to vacate which was to vacate the judgment of foreclosure and sale, and for the same reasons, denied that branch of the motion which was to dismiss the action for lack of standing.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court