Kondaur Capital Corp. v Stewart (2018 NY Slip Op 07713)





Kondaur Capital Corp. v Stewart


2018 NY Slip Op 07713


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-09696
2015-12185
 (Index No. 26137/07)

[*1]Kondaur Capital Corporation, respondent,
v
Cheryl N. Stewart, appellant, et al., defendants.


Cheryl N. Stewart, Brooklyn, NY, appellant pro se.
John Z. Marangos, Staten Island, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cheryl N. Stewart appeals from (1) an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated July 22, 2015, and (2) an order of the same court dated September 30, 2015. The order dated July 22, 2015, granted the plaintiff's motion for leave to file a late notice of sale of the subject property pursuant to a judgment of foreclosure and sale of the same court dated October 24, 2013. The order dated September 30, 2015, insofar as appealed from, denied the successive motions of the defendant Cheryl N. Stewart pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and thereupon to dismiss the complaint insofar as asserted against her.
ORDERED that the order dated July 22, 2015, is affirmed; and it is further,
ORDERED that the order dated September 30, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2007, H & R Block Bank (hereinafter H & R Block) commenced this mortgage foreclosure action against the defendant Cheryl N. Stewart (hereinafter the defendant), among others. The mortgage was subsequently assigned to Kondaur Capital Corporation (hereinafter Kondaur).
Kondaur was granted a judgment of foreclosure and sale in October 2013. In April 2015, Kondaur moved for leave to file a late notice of sale of the subject property, and by order dated July 22, 2015, the Supreme Court granted Kondaur's motion. Prior to the sale of the property, the defendant moved pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale based upon allegations of newly-discovered evidence, fraud, and lack of subject matter jurisdiction, and thereupon to dismiss the complaint insofar as asserted against her. The defendant subsequently filed a successive motion for the same relief. In an order dated September 30, 2015, the court denied the defendant's successive motions. The defendant appeals.
The defendant failed to demonstrate her entitlement to relief based upon newly discovered evidence (see CPLR 5015[a][2]; Deutsche Bank Natl. Trust Co. v Morris, 160 AD3d 613; [*2]Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089). Notably, even if the evidence cited by the defendant could be considered newly discovered, she failed to establish that such evidence would probably have produced a different result (see Bank of N.Y. v Tobing, 155 AD3d 596, 596-597; U.S. Bank N.A. v Galloway, 150 AD3d 1174, 1175; IMC Mtge. Co. v Vetere, 142 AD3d 954, 955; Federated Conservationists of Westchester County v County of Westchester, 4 AD3d 326, 327).
Additionally, the defendant failed to demonstrate her entitlement to vacatur pursuant to CPLR 5015(a)(3). A party seeking to vacate a judgment pursuant to CPLR 5015(a)(3) must make the motion within a reasonable time. Here, the defendant's delay in moving to vacate the judgment of foreclosure and sale was unreasonable (see Dimery v Ulster Sav. Bank, 82 AD3d 1034, 1034; Bank of N.Y. v Stradford, 55 AD3d 765, 765). In any event, the defendant failed to demonstrate any fraud, misrepresentation, or other misconduct warranting vacatur of the judgment (see Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 677-678).
The defendant contends that the Supreme Court lacked jurisdiction to issue the judgment of foreclosure and sale because Kondaur lacked standing. However, " an alleged lack of standing is not a jurisdictional defect'" (HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 863, quoting JP Morgan Mtge. Acquisition Corp. v Hayles, 113 AD3d 821, 823; see CPLR 5015[a][4]).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's granting of Kondaur's motion for leave to file a late notice of sale of the subject property, and denial of the defendant's successive motions to vacate the judgment of foreclosure and sale and thereupon to dismiss the complaint insofar as asserted against her.
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court