NYCTL 2016-A Trust v Eglise Baptiste De La Communion Fraternelle, Inc. (2020 NY Slip Op 07079)





NYCTL 2016-A Trust v Eglise Baptiste De La Communion Fraternelle, Inc.


2020 NY Slip Op 07079


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2018-07436
 (Index No. 503940/17)

[*1]NYCTL 2016-A Trust, et al., plaintiffs-respondents,
v
Eglise Baptiste De La Communion Fraternelle, Inc., appellant, Howard Rosenhouse, et al., defendants; Sam Stern, et al., nonparty-respondents.


The Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for appellant.
The Dello-Iacono Law Group, P.C., Melville, NY (John D. Dello-Iacono of counsel), for plaintiffs-respondents.
Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik of counsel), for nonparty-respondents.



DECISION & ORDER
In an action to foreclose a tax lien, the defendant Eglise Baptiste De La Communion Fraternelle, Inc., appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 8, 2018. The order denied that defendant's motion, inter alia, to vacate a judgment of foreclosure and sale of the same court dated January 2, 2018, and to set aside the foreclosure sale of the subject property.
ORDERED that the order is affirmed, with costs.
In 1986, the defendant Eglise Baptise de la Communion Fraternelle, Inc. (hereinafter the Church), purchased the subject property as an investment property. On January 2, 2018, the Supreme Court issued a default judgment of foreclosure and sale in favor of the plaintiffs and against, among others, the Church, which failed to pay $19,349.47 in property taxes on the property. After receiving the judgment of foreclosure and sale, the Church's pastor went to the New York City Department of Finance, where he entered into an installment agreement to pay a total of $8,374.11 in installments. Nevertheless, the Church was served with a notice of sale, and a referee sold the property at auction.
The Church moved, inter alia, to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale of the property. The Supreme Court denied the Church's motion, and the Church appeals.
To vacate a default in answering or appearing pursuant to CPLR 5015(a)(1), a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense in the action (see CPLR 5015[a][1]; NYCTL 2015-A Trust v 731 Bergen, LLC, 172 AD3d 1391, 1392). Here, the Church's contention that it acted reasonably after receiving notice of the judgment of foreclosure and sale does not constitute a reasonable excuse for its default prior to the entry of that [*2]judgment. Consequently, we need not address whether the Church had a potentially meritorious defense to the action (see PennyMac Corp. v Weiss, 152 AD3d 712, 714).
A court may, in the exercise of its equitable powers, set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct (see Nationstar Mtge., LLC v Brignol, 181 AD3d 881, 882; Fleet Fin. v Gillerson, 277 AD2d 279, 280). In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale (see Nationstar Mtge., LLC v Brignol, 181 AD3d at 882). Here, the Church failed to set forth any evidence of fraud, collusion, mistake, or misconduct that casts suspicion on the fairness of the sale (see id. at 882). Any miscommunication that may have occurred with the New York City Department of Finance, which was not a foreclosing party, and which was not alleged to have been involved with the foreclosure sale of the property, resulted in a unilateral mistake, which is not a basis for setting aside the foreclosure sale (see Dime Sav. Bank of N.Y. v Zapala, 255 AD2d 547, 548).
Accordingly, we agree with the Supreme Court's determination denying the Church's motion, inter alia, to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale of the property.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court