■ HARTFORD ACCIDENT AND INDEMNITY Co., a Division of the HARTFORD INSURANCE GROUP, Respondent, v QUANTECH ELECTRONICS CORP., Appellant.—In an action to recover damages, *inter alia,* for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated July 17, 1990, as denied those

branches of its motion which were to strike the plaintiff's note of issue and to vacate unconditionally a judgment, entered against it upon its default in answering, which stood as security pending the final disposition of the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Initially, we note that the defendant's brief on this appeal contains certain information and papers which are not part of the record on appeal. Those materials were not considered in the determination of the appeal (see, Matter of Wish Realty Corp. v Starr, 56 AD2d 656).

Based upon the facts and circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's motion which was to strike the plaintiff's note of issue (see, 22 NYCRR 202.21 [e]).

We find that the Supreme Court, upon opening the default and letting the defendant defend on the merits, properly kept the default judgment in place as security pending the final disposition of the action (see, Treitel v Arnold Chait, Ltd., 20 AD2d 711). CPLR 5015 (a) empowers the court to impose conditions upon vacating a default. The defendant's unsubstantiated allegations that its business is being irreparably harmed by the judgment and that the plaintiff has intentionally delayed discovery do not warrant a different result. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.