■ RICHARD R. MOREL, Appellant, v DONNA J. CLACHERTY, Also Known as DONNA MOREL, Respondent.—In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Westchester County (DiFede, J.), dated July 6, 1990, which denied his motion to vacate the default judgment of divorce entered against him on August 19, 1988.

Ordered that the order is affirmed, with costs.

Although the general rule with respect to the opening of default judgments is not to be applied rigorously in matrimo-

nial actions, whether a particular judgment should be opened remains a matter of discretion (see, Wayasamin v Wayasamin, 167 AD2d 460, 462; Black v Black, 141 AD2d 689). On appeal, the plaintiff husband contends that because he moved to vacate the default judgment of divorce pursuant to CPLR 5015 (a) (3), he does not have to present a reasonable excuse for his default. This contention would be correct if the movant alleged that the default judgment was procured through "extrinsic fraud" (Shaw v Shaw, 97 AD2d 403). However, since the plaintiff husband's primary argument is that the defendant wife's allegations and testimony were false (i.e., intrinsic fraud), he is required to make some showing of a meritorious defense and reasonable excuse for defaulting (see, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.05b; cf., Shaw v Shaw, supra). Since the plaintiff husband offered no reasonable excuse for his default in this action, we find that the court did not improvidently exercise its discretion in denying the motion to vacate the judgment. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.