■ LONG ISLAND SAVINGS BANK, F.S.B., Appellant, v ANGELA SUTPHEN et al., Defendants, and CITIBANK, N.A., Respondent. [635 NYS2d 684] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated August 16, 1994, which, upon granting the motion of the defendant Citibank, N.A., to "relieve" it from the terms of a judgment of foreclosure and sale entered November 4, 1992, vacated the judgment and granted Citibank, N.A., leave to interpose an amended answer.

Ordered that the order is reversed, on the facts, with costs, the motion of Citibank, N.A., is denied, and the judgment of foreclosure and sale is reinstated.

Citibank, N.A. (hereinafter Citibank) and Long Island Savings Bank (hereinafter LISB), are competing mortgage holders on property located in Massapequa (hereinafter the premises). After the owner of the premises defaulted on his mortgage payments, LISB commenced this action to foreclose its mortgage. Citibank, although initially interposing an answer, later defaulted when it failed to respond to LISB's motion, *inter alia,* to strike its answer, in the belief that LISB's mortgage, which was the first to be issued and recorded, was superior to Citibank's mortgage. Thereafter, LISB was awarded a judgment of foreclosure and sale. However, almost three years after the action was commenced and 16 months after the judgment of foreclosure and sale was entered, Citibank moved to relieve it from the terms of the judgment pursuant, *inter alia,* to CPLR 5015 (a) (2), and the court's inherent, discretionary power to relieve a party of its default. In support of its motion, Citibank noted a variety of irregularities in the chain of title and in the issuance of various mortgages on the premises, and the long delays then being experienced by the Nassau County Clerk's Office in recording mortgages. As a result, Citibank argued, it had only recently become aware that it might be entitled to priority to the first $166,468.77 of any proceeds from the foreclosure sale pursuant to the doctrine of equitable

assignment of subrogation *(see, King v Pelkofski,* 20 NY2d 326). The doctrine was implicated, Citibank argued, because, in issuing its mortgage on the premises, which was inferior to LISB's, it had satisfied a preexisting mortgage on the premises in the amount of $166,468.77, issued by Reliance Mortgage Company (hereinafter Reliance), which was superior to LISB's. The court, exercising its inherent, discretionary power to relieve a party of its default *(see, Ladd v Stevenson,* 112 NY 325; *Albin v First Nationwide Network Mtge. Co.,* 188 AD2d 575; *Bowles v Goldgeli,* 167 AD2d 498; *Matter of Jericho Union Free School Dist. No. 15 v Board of Assessors,* 131 AD2d 482; *McMahon v City of New York,* 105 AD2d 101; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12), granted Citibank's motion and permitted it to interpose an amended answer. We now reverse.

Citibank does not and cannot argue that the various irregularities and delays noted by both the parties and the court in any way led to its default. As is made clear by Citibank's own pleadings, all relevant documents were recorded by February 5, 1991, some nine months before Citibank's initial answer in the action and more than a year before its default. Indeed, Citibank was or should have been aware of its claim for equitable assignment of subrogation without any further inquiry at the time it received LISB's summons and complaint. Because Citibank satisfied the Reliance mortgage before LISB's action was commenced, Citibank was aware of the date that the Reliance mortgage was both issued and recorded. Further, LISB does not controvert that at the time Citibank satisfied the Reliance mortgage Citibank had no knowledge of the LISB mortgage, which was not yet recorded. Thus, when LISB interposed its complaint, which stated the dates that its mortgage had been acknowledged and recorded, Citibank knew or should have known that it might have satisfied a mortgage that was superior to LISB's without knowledge or notice of LISB's mortgage. Thus, the irregularities and delays noted by Citibank were irrelevant. Moreover, Citibank offers no valid excuse for its failure to assert its claim for equitable assignment of subrogation in its original answer or to have acquired all relevant information prior to its default *(see,* CPLR 5015 [a] [2]; *Cornwell v Safeco Ins. Co.,* 42 AD2d 127). On these facts, we find that the court's exercise of its inherent, discretionary power to vacate a default was improvident.

We have considered Citibank's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.