■ AUDREY EDWARDS-SAMOUGE et al., Appellants, v BROOK-DALE HOSPITAL MEDICAL CENTER et al., Defendants, and PARKWAY MEDICAL CENTER et al., Respondents. [666 NYS2d 944] —In an action, *inter alia*, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Levine, J.), dated December 12, 1996, which denied their motion to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly exercised its discretion in denying the plaintiffs' motion to restore the action to the trial calendar (*see, Barton v Jablon,* 181 AD2d 755). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.

■ JOSEPH FISCHMAN et al., Respondents, v MAGGIE GILMORE, Appellant, et al., Defendants. [666 NYS2d 942] —In an action, *inter alia*, to foreclose a mortgage, the defendant Maggie Gilmore appeals from an order of the Supreme Court, Queens County (Berke, J.), dated November 21, 1996, which denied her motion pursuant to CPLR 5015 (a) (3) to vacate a judgment of default entered upon her failure to answer the complaint.

Ordered that the order is affirmed, without costs or disbursements.

In this mortgage foreclosure action, the appellant moved to vacate a judgment of default entered against her based upon "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [3]). The appellant alleged that the plaintiffs had obtained the underlying judgment of default through "intrinsic fraud" (*Morel v Clacherty,* 186 AD2d 638, 639), rather than through "extrinsic fraud" (*Shaw v Shaw,* 97 AD2d 403). Therefore, she was required, *inter alia*, to show a reasonable excuse for her default (*see, Morel v Clacherty, supra; Berardo v Berardo,* 205 AD2d 1036). Having failed to do so, the court properly denied the appellant's motion to vacate her default (*Morel v Clacherty, supra; Berardo v Berardo, supra).* Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.