■ BANK OF NEW YORK, Respondent, v SOTIRIOS J. LAGAKOS et al., Appellants, et al., Defendant. EUGENE FRENKEL, Nonparty Respondent. [810 NYS2d 923]—

In an action to foreclose a mortgage, the defendants Sotirios J. Lagakos and Donna M. Lagakos appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated February 24,

2005, which denied their motion pursuant to CPLR 5015 (a) (3) to vacate a judgment of foreclosure and sale of the same court (Peter C. Patsalos, J.), entered March 31, 2004, upon their default in appearing or answering.

Ordered that the order is affirmed, with one bill of costs.

In this action to foreclose a mortgage, the defendants Sotirios J. Lagakos and Donna M. Lagakos (hereinafter the defendants) moved pursuant to CPLR 5015 (a) (3) to vacate a default judgment entered against them based upon the alleged "fraud, misrepresentation, or other misconduct" of the plaintiff (CPLR 5015 [a] [3]). The defendants alleged that the plaintiff obtained the underlying default judgment through "intrinsic fraud," i.e., that the plaintiff's allegations as to the defendants' default on the mortgage were false (*Morel v Clacherty*, 186 AD2d 638, 639 [1992]), rather than through "extrinsic fraud," which is "a fraud practiced in obtaining a judgment such that a party may have been prevented from fully and fairly litigating the matter" (*Shaw v Shaw*, 97 AD2d 403 [1983]). The defendants were therefore required to show a reasonable excuse for their default (*see Fischman v Gilmore*, 246 AD2d 508 [1998]; *Berardo v Berardo*, 205 AD2d 1036 [1994]; *Morel v Clacherty, supra*). Since the defendants failed to do so, the Supreme Court properly denied their motion pursuant to CPLR 5015 (a) (3) to vacate their default (*see Fischman v Gilmore, supra*; *Berardo v Berardo, supra*; *Morel v Clacherty, supra*).

The defendants' remaining contentions are either without merit or need not be reached in light of our determination. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.