■ BANK OF NEW YORK, Respondent, v RUDOLPH STRADFORD et al., Defendants. SOUTHWEST CAPITAL INVESTMENTS et al., Nonparty Appellants. [869 NYS2d 554]—

In an action to foreclose a mortgage, Southwest Capital Investments and Show Homes, Inc., appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 21, 2007, which denied their motion pursuant to CPLR 5015 (a) (3) to vacate a judgment of foreclosure and sale of the same court (Underwood, J.), entered September 23, 2004, upon the default of their assignor in appearing, and for leave to interpose an answer.

Ordered that the order is affirmed, with costs to the plaintiff.

The Supreme Court properly denied the nonparty appellants' motion to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3), which provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just . . . upon the ground of . . . fraud, misrepresentation, or other misconduct of an adverse party." Although there is no express time limit for seeking relief from a judgment pursuant to CPLR 5015 (a) (3), a party is required to make the motion within a reasonable time (*see Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]; *Miller v Lanzisera*, 273 AD2d 866, 868 [2000]). Here, the appellants' delay of more than two years after entry of the judgment of foreclosure and sale in moving to vacate the judgment, despite their awareness of all relevant facts surrounding the issue, was unreasonable (*see Rizzo v St. Lawrence Univ.*, 24 AD3d 983, 984 [2005]). In any event, the appellants failed to provide a reasonable excuse

for the default, which is required when a CPLR 5015 (a) (3) motion alleges intrinsic fraud, i.e., that the plaintiff's allegations are false (*see Bank of N.Y. v Lagakos*, 27 AD3d 678, 679 [2006]; *Fischman v Gilmore*, 246 AD2d 508 [1998]; *Morel v Clacherty*, 186 AD2d 638, 639 [1992]). Furthermore, the appellants "offered nothing more than broad, unsubstantiated allegations of fraud on the part of [the] plaintiff" (*Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005] [internal quotation marks and citation omitted]). Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 32681(U).]