■ HSBC Bank USA, National Association, Respondent, v Aaron Wider, Appellant, et al., Defendant. [955 NYS2d 202]—

In order to vacate his default in answering the complaint, the appellant (hereinafter the homeowner) was required to demonstrate a reasonable excuse for his failure to serve an answer and a potentially meritorious defense (*see* CPLR 5015 [a]; *Ateres Hasofrim, Inc. v Kralik*, 78 AD3d 1091, 1091 [2010]; *Bank of N.Y. v Lagakos*, 27 AD3d 678, 678 [2006]). While the Supreme Court has the discretion to accept law office failure as a reasonable excuse, the excuse must be supported by detailed allegations of fact explaining the law office failure (*see Cantor v Flores*, 94 AD3d 936, 936-937 [2012]).

Here, the homeowner's allegation of law office failure was vague, conclusory, and unsubstantiated. Since the homeowner failed to offer a reasonable excuse for his failure to answer the complaint, the Supreme Court providently exercised its discretion in denying his motion, inter alia, in effect, to vacate the judgment of foreclosure and sale entered February 25, 2009, upon his default in answering the complaint (*see Cantor v Flores*, 94 AD3d at 936-937; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *see also Bank of N.Y. v Lagakos*, 27 AD3d at 678; *Fischman v Gilmore*, 246 AD2d 508, 508 [1998]; *Morel v Clacherty*, 186 AD2d 638, 639 [1992]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the homeowner sufficiently demonstrated the existence of a potentially meritorious defense (*see Segovia v Delcon Constr. Corp.*, 43 AD3d 1143, 1144 [2007]). Angiolillo, J.P., Austin, Sgroi and Miller, JJ., concur.