■ New Century Mortgage Corporation, Respondent, v Brian Corriette, Appellant, et al., Defendants. [986 NYS2d 560]—

In an action to foreclose a mortgage, the defendant Brian Corriette appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), entered February 7, 2013, as denied those branches of his motion which were to vacate a judgment of foreclosure and sale entered December 26, 2008, and a referee's deed, pursuant to CPLR 5015 (a) (3), and extend his time to answer the complaint pursuant to CPLR 3012 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

Almost two years after the defendant Brian Corriette's property was sold at auction, he moved, among other things, to set aside the referee's deed, vacate the judgment of foreclosure and sale, and extend his time to answer the complaint (*see* CPLR 3012 [d]; 5015 [a] [3]). The Supreme Court denied those branches of the motion.

Corriette contends that the plaintiff obtained a judgment against him by making fraudulent allegations in the complaint about its legal existence and standing to commence the action. These claims amount to allegations of intrinsic fraud (*see Bank of N.Y. v Stradford*, 55 AD3d 765, 765 [2008]; *Bank of N.Y. v Lagakos*, 27 AD3d 678, 679 [2006]). A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (3) based on intrinsic fraud must establish both a reasonable excuse for the default and a potentially meritorious defense to the action (*see Bank of N.Y. v Stradford*, 55 AD3d at 765-766; *Morel v Clacherty*, 186 AD2d 638, 639 [1992]). Here, Corriette proffered no excuse for his default in the action. Accordingly, we need not address whether he has a potentially meritorious defense to the action (*see TD Bank, N.A. v Spector*, 114 AD3d 933, 934 [2014]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]).

Therefore, the Supreme Court did not improvidently exercise its discretion by denying those branches of Corriette's motion which were pursuant to CPLR 3012 (d) and 5015 (a) (3) to vacate the judgment of foreclosure and sale and a referee's deed, and to extend his time to answer the complaint (*see Citimortgage, Inc. v Bustamante*, 107 AD3d at 753; *HSBC Bank USA, N.A. v Ashley*, 104 AD3d 975, 976 [2013]).

Corriette's remaining contention need not be addressed in light of our determination. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.