U.S. Bank, N.A. v Peters (2015 NY Slip Op 02757)





U.S. Bank, N.A. v Peters


2015 NY Slip Op 02757


Decided on April 1, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 1, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX, JJ.


2013-01690
 (Index No. 15035/09)

[*1]U.S. Bank, N.A., as Trustee, respondent, 
v
Janet Carter Peters, appellant, et al., defendants.


Scunziano & Associates, LLC, Brooklyn, N.Y. (Nicholas P. Scunziano of counsel), for appellant.
Rosicki, Rosicki & Associates, Plainview, N.Y. (Andrew Morganstern of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Janet Carter Peters appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 1, 2012, which denied her motion to vacate a judgment of foreclosure and sale.
ORDERED that the order is affirmed, with costs.
In May 2007, the defendant Janet Carter Peters (hereinafter the defendant) executed a note in the principal sum of $393,000 in favor of UBS AG Tampa Branch secured by a mortgage on the subject property. On or about October 20, 2008, the mortgage and note were assigned by Mortgage Electronic Registration Systems, Inc., as nominee for UBS AG Tampa Branch, to U.S. Bank, N.A., as Trustee (hereinafter the plaintiff). The assignment stated that it was effective as of July 29, 2008. The assignment was recorded on November 21, 2008. The instant action was commenced five months later, in April 2009. The summons was served by delivery to the defendant's adult son at the mortgaged premises, and by mail. The defendant did not appear in the action, a judgment of foreclosure and sale was entered upon her default, and the property was purchased at a foreclosure sale for $519,231.41.
In 2012, the defendant moved to vacate the judgment of foreclosure and sale pursuant to CPLR 5015(a)(2), (3), and (4), on the grounds that the plaintiff lacked standing, the documents submitted by the plaintiff in the action were materially false and fraudulent, and the plaintiff and its agents committed fraud. The order appealed from denied the defendant's motion in its entirety. The Supreme Court determined that the defendant failed to demonstrate a reasonable excuse for her failure to appear in the action and therefore it was unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense. The court further determined that the allegation that the plaintiff lacked standing was not jurisdictional.
The defendant alleged, pursuant to CPLR 5015(a)(3), that the plaintiff committed "intrinsic fraud," by submitting fraudulent documents in support of its claim for a judgment of [*2]foreclosure and sale (see Bank of N.Y. v Lagakos, 27 AD3d 678, 679; Morel v Clacherty, 186 AD2d 638, 639). She did not allege "extrinsic fraud," which is "a fraud practiced in obtaining a judgment such that a party may have been prevented from fully and fairly litigating the matter" (Shaw v Shaw, 97 AD2d 403, 403; see Bank of N.Y. v Lagakos, 27 AD3d at 679). Therefore, the defendant was required to show a reasonable excuse for her default (see Bank of N.Y. v Lagakos, 27 AD3d at 679; Fischman v Gilmore, 246 AD2d 508; Morel v Clacherty, 186 AD2d at 639). However, she failed to offer any excuse for her default (see Bank of N.Y. v Lagakos, 27 AD3d at 679; Long Is. Sav. Bank v Sutphen, 222 AD2d 660, 661).
The defendant contends that the assignment of the bid to another entity at auction constitutes newly discovered evidence under CPLR 5015(a)(2). However, since that event occurred after the judgment of foreclosure and sale was entered, it did not constitute newly discovered evidence pursuant to CPLR 5015(a)(2) (see Chase Home Fin., LLC v Quinn, 101 AD3d 793, 793).
Although the defendant contends that the plaintiff lacked standing, lack of standing is not a defect that deprives a court of subject matter jurisdiction for purposes of CPLR 5015(a)(4) (see Lacks v Lacks, 41 NY2d 71, 74-75; Wells Fargo, N.A. v Levin, 101 AD3d 1519, 1521; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 243-244).
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the judgment of foreclosure and sale.
DILLON, J.P., LEVENTHAL, SGROI and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court