■ EMC Mortgage Corporation, Appellant, v Jeanetta Toussaint, Also Known as Jeanette Toussaint, Respondent, et al., Defendants. [25 NYS3d 312]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered January 31, 2011, which granted that branch of the motion of the defendant Jeanetta Toussaint, also known as Jeanette Toussaint, which was, in effect, pursuant to CPLR 5015 (a) to vacate a judgment of foreclosure and sale of the same court entered April 22, 2009, upon her failure to appear or answer the complaint, and thereupon to dismiss the complaint insofar as asserted against her for lack of standing.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendant Jeanetta Toussaint, also known as Jeanette Toussaint, which was, in effect, pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure and sale entered upon her failure to appear or answer the complaint, and thereupon to dismiss the complaint insofar as asserted against her for lack of standing is denied, and the judgment of foreclosure and sale is reinstated.

In 2007, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Jeanetta Toussaint, also known as Jeanette Toussaint (hereinafter the defendant). A judgment of foreclosure and sale was entered upon, inter alia, the defendant's failure to appear or answer the complaint. In 2010, nearly three years after she had been served with the summons and complaint, the defendant moved, in effect, to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a), and thereupon to dismiss the complaint insofar as asserted against her. The Supreme Court granted the defendant's motion. The plaintiff appeals.

A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Bank of Am. N.A. v Patino*, 128 AD3d 994, 994 [2015]; *Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]). Here, the defendant failed to proffer an excuse for failing to appear or answer the complaint. Thus, it is unnecessary to consider whether she sufficiently demonstrated the existence of a potentially meritorious defense (see *US Bank N.A. v Smith*, 132 AD3d 848 [2015]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *Bank of Am. v Faracco*, 89 AD3d 879, 880 [2011]; see also *Williamson v Marlou Cab Corp.*, 129 AD3d 711, 712 [2015]).

CPLR 5015 (a) (3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other

misconduct of an adverse party. Here, insofar as relevant, the defendant did not allege "extrinsic fraud," which is "a fraud practiced in obtaining a judgment such that a party may have been prevented from fully and fairly litigating the matter" (*Shaw v Shaw*, 97 AD2d 403, 403 [1983]; *see U.S. Bank, N.A. v Peters*, 127 AD3d 742, 742 [2015]). Thus, she was required to show a reasonable excuse for her default (*see U.S. Bank, N.A. v Peters*, 127 AD3d at 742; *Bank of N.Y. v Lagakos*, 27 AD3d 678, 679 [2006]). However, as stated previously, she failed to offer any excuse for her default (*see Bank of N.Y. v Lagakos*, 27 AD3d 678 [2006]).

Accordingly, the Supreme Court should have denied the defendant's motion, in effect, pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure and sale, and thereupon to dismiss the complaint insofar as asserted against her. Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.