■ EMC Mortgage Corporation, Respondent, v Diane Dimitry Asturizaga, Appellant, et al., Defendants. [55 NYS3d 66]—

In an action to foreclose a mortgage, the defendant Diane Dimitry Asturizaga appeals from an order of the Supreme

Court, Westchester County (Lefkowitz, J.), dated August 13, 2014, which denied her motion pursuant to CPLR 5015 to vacate a judgment of foreclosure and sale of the same court dated August 4, 2008, entered upon her default in answering the complaint, to set aside the foreclosure sale held pursuant thereto, and to dismiss the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The plaintiff obtained a judgment of foreclosure and sale on August 4, 2008, entered upon the default of the defendant mortgagor Diane Dimitry Asturizaga (hereinafter the defendant) in answering the complaint. The defendant moved pursuant to CPLR 5015 (a) (3) and (4) to stay the sale of the subject property, vacate the judgment of foreclosure and sale, and dismiss the complaint on the grounds of alleged misrepresentation by the plaintiff and lack of subject matter jurisdiction. The motion was denied by order of the Supreme Court entered May 27, 2010. By order to show cause signed on July 14, 2014, the defendant moved to vacate the judgment of foreclosure and sale, to set aside the foreclosure sale held pursuant thereto, and to dismiss the complaint insofar as asserted against her on the grounds of newly discovered evidence, alleged misrepresentation by the plaintiff, and lack of subject matter jurisdiction under CPLR 5015 (a) (2), (3), and (4). The court denied the motion. We affirm.

The defendant sought vacatur pursuant to CPLR 5015 (a) (2), (3), and (4) based on newly discovered evidence. The defendant was precluded from making a second motion to vacate her default to the extent that the second motion was based on the same grounds raised in the prior motion (*see HSBC Bank USA, N.A. v Legros*, 122 AD3d 799 [2014]; *Discover Bank v Qader*, 105 AD3d 892 [2013]). Moreover, even if the defendant was not precluded, the motion was properly denied. To the extent the defendant relies on a complaint filed in an unrelated federal action, that evidence was never submitted to the Supreme Court and is not part of the record, and, therefore, is not properly before this Court (*see Lal v Ching Po Ng*, 33 AD3d 668, 669 [2006]; *Hartford Acc. & Indem. Co. v Quantech Elecs. Corp.*, 186 AD2d 630, 631 [1992]). In any event, none of the documentary evidence relied on by the defendant was in existence at the time the judgment of foreclosure and sale was entered. Therefore, it did not meet the criteria for newly discovered evidence (*see* CPLR 5015 [a] [2]; *U.S. Bank, N.A. v Peters*, 127 AD3d 742, 743 [2015]; *Chase Home Fin., LLC v Quinn*, 101 AD3d 793 [2012]).

Furthermore, since the defendant's allegations amount to "intrinsic fraud" (*New Century Mtge. Corp. v Corriette*, 117 AD3d 1011, 1012 [2014]; *Bank of N.Y. v Lagakos*, 27 AD3d 678, 679 [2006]; *cf. Shaw v Shaw*, 97 AD2d 403 [1983]), she was required to show a reasonable excuse for her default (*see Bank of N.Y. v Lagakos*, 27 AD3d at 679), which she failed to do (*see U.S. Bank, N.A. v Peters*, 127 AD3d 742, 742-743 [2015]; *Bank of N.Y. v Stradford*, 55 AD3d 765 [2008]; *Bank of N.Y. v Lagakos*, 27 AD3d at 679). Consequently, it is unnecessary to consider whether she presented a meritorious defense (*see New Century Mtge. Corp. v Corriette*, 117 AD3d at 1012; *Arias v First Presbyt. Church in Jamaica*, 100 AD3d 940, 941 [2012]). Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.