WELLS FARGO BANK MINNESOTA, N.A., as Trustee for Certificate Holder of KIDDER PEABODY SERIES 1993-MM5, Plaintiff, v MICHAEL COLETTA et al., Appellants, et al., Defendants. PE-NC, LLC, Nonparty Respondent. [59 NYS3d 788]—In an action to foreclose a mortgage, the defendants Michael Coletta and Susan A. Coletta, also known as Susan Coletta, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 13, 2015, as denied that branch of their cross motion which was pursuant to CPLR 5015 (a) (3) to vacate a judgment of foreclosure and sale entered August 23, 2004, upon their failure to appear or answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the appellants' cross motion which was pursuant to CPLR 5015 (a) (3) to vacate the judgment of foreclosure and sale entered upon their failure to appear or answer the complaint. The appellants failed to move for relief pursuant to CPLR 5015 (a) (3) within a reasonable time after entry of the judgment of foreclosure and sale (*see New Century Mtge. Corp. v Chimmiri*, 146 AD3d 893 [2017]; *LaSalle Bank N.A. v Oberstein*, 146 AD3d 945 [2017]; *Dimery v Ulster Sav. Bank*, 82 AD3d 1034 [2011]; *Bank of N.Y. v Stradford*, 55 AD3d 765 [2008]; *Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]).

Moreover, the appellants did not allege "extrinsic fraud," which is "a fraud practiced in obtaining a judgment such that a party may have been prevented from fully and fairly litigating the matter" (*Shaw v Shaw*, 97 AD2d 403, 403 [1983]; *see LaSalle Bank N.A. v Oberstein*, 146 AD3d at 945; *EMC Mtge. Corp. v Toussaint*, 136 AD3d 861 [2016]; *U.S. Bank, N.A. v Peters*, 127 AD3d 742 [2015]; *Bank of N.Y. v Lagakos*, 27 AD3d 678 [2006]; *Tamimi v Tamimi*, 38 AD2d 197 [1972]). Rather, they alleged that the plaintiff committed "intrinsic fraud, i.e., that the allegations in the complaint are false" (*LaSalle Bank N.A. v Oberstein*, 146 AD3d at 945; *see Deutsche Bank Natl. Trust Co. v Karlis*, 138 AD3d 915 [2016]; *U.S. Bank, N.A. v Peters*, 127 AD3d at 742; *New Century Mtge. Corp. v Corriette*, 117 AD3d 1011 [2014]; *Bank of N.Y. v Stradford*, 55 AD3d at 765; *Bank of N.Y. v Lagakos*, 27 AD3d at 679).

Thus, the appellants were required to show a reasonable excuse for their default (*see EMC Mtge. Corp. v Toussaint*, 136 AD3d at 862-863; *U.S. Bank, N.A. v Peters*, 127 AD3d at 742; *Bank of N.Y. v Lagakos*, 27 AD3d at 679). Since they failed to offer any excuse for their default, the Supreme Court properly denied that branch of their cross motion which was pursuant to CPLR 5015 (a) (3) (*see EMC Mtge. Corp. v Toussaint*, 136 AD3d at 862-863; *U.S. Bank, N.A. v Peters*, 127 AD3d at 742; *Bank of N.Y. v Lagakos*, 27 AD3d at 679). Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.