P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC (2018 NY Slip Op 08946)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC

2018 NY Slip Op 08946

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-06192
(Index No. 10035/08)

[*1]P.B. #7, LLC, respondent, 
v231 Fourth Avenue Lyceum, LLC, et al., defendants, Eric Richmond, appellant.

Eric Richmond, Brooklyn, NY, appellant pro se.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eric Richmond appeals from an order of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated April 17, 2015. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(3), in effect, to vacate a judgment of foreclosure and sale of the same court dated September 28, 2012, entered upon his default, and to set aside the foreclosure sale of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this mortgage foreclosure action, Eric Richmond (hereinafter the defendant) moved, inter alia, pursuant to CPLR 5015(a)(3), in effect, to vacate a judgment of foreclosure and sale dated September 28, 2012, entered upon his default, and to set aside the foreclosure sale of the subject property. The Supreme Court denied the motion, and the defendant appeals.
The defendant failed to move for relief pursuant to CPLR 5015(a)(3) within a reasonable time after entry of the judgment of foreclosure and sale (see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 756, 756; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893; LaSalle Bank N.A. v Oberstein, 146 AD3d 945). In any event, where, as here, a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based upon a claim of intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see Deutsche Bank Nat. Trust Co. v Karlis, 138 AD3d 915, 916; New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012). Here, the defendant failed to offer any excuse for his default. Accordingly, the Supreme Court properly denied those branches of his motion which were pursuant to CPLR 5015(a)(3), in effect, to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale of the subject property.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court