U.S. Bank, N.A. v Robinson (2019 NY Slip Op 00633)





U.S. Bank, N.A. v Robinson


2019 NY Slip Op 00633


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-09848
2015-11272
 (Index No. 17636/07)

[*1]U.S. Bank, National Association, etc., respondent, 
v
O'Neil Robinson, etc., et al., appellants, et al., defendants.


Stephen C. Silverberg, PLLC, Uniondale, NY, for appellants.
McCabe, Weisberg & Conway, New York, NY (Matthew Blum of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants O'Neil Robinson and Andrea Robinson appeal from (1) a judgment of foreclosure and sale of the Supreme Court, Queens County (Duane A. Hart, J.), entered January 29, 2008, and (2) an order of the same court entered July 28, 2015. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property. The order granted the plaintiff's motion to appoint a successor referee and denied the cross motion of the defendants O'Neil Robinson and Andrea Robinson, inter alia, to vacate the judgment of foreclosure and sale, entered upon their failure to appear or answer the complaint, and dismiss the complaint insofar as asserted against them on the ground of alleged misrepresentation by the plaintiff.
ORDERED that the judgment of foreclosure and sale and the order are affirmed, with one bill of costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendants O'Neil Robinson and Andrea Robinson (hereinafter together the defendants). Upon the defendants' failure to appear or answer the complaint, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for a default judgment and order of reference as to them. A judgment of foreclosure and sale was entered on January 29, 2008, and the foreclosure sale was stayed numerous times after the defendants twice filed for bankruptcy and otherwise obtained temporary restraining orders in an effort to negotiate a short sale of the subject premises. The plaintiff eventually offered the defendants a trial modification under the federal Home Affordable Modification Program, requiring, inter alia, the defendants to make three monthly payments beginning November 1, 2011. The defendants failed to comply with the obligations of the trial modification. After the plaintiff rejected the defendants' tender of a payment in May 2012, the plaintiff moved to appoint a successor referee, and the defendants cross-moved, inter alia, to vacate the judgment of foreclosure and sale pursuant to CPLR 5015(a)(3) and to dismiss the complaint insofar as asserted against them. By order entered July 28, 2015, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion.
"CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party" (EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862-863). The defendants' contention that the plaintiff obtained the judgment of foreclosure and sale through the submission of fraudulent documents amounts to an allegation of [*2]intrinsic fraud (see Chase Manhattan Bank v Nath, 162 AD3d 975; Wells Fargo Bank, N.A. v Shatles, 157 AD3d 750; U.S. Bank, N.A. v Peters, 127 AD3d 742). Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see US Bank N.A. v Galloway, 150 AD3d 1174; Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915; U.S. Bank, N.A. v Peters, 127 AD3d at 742-743; New Century Mtge. Corp. v Corriette, 117 AD3d 1011).
Here, the defendants failed to offer any excuse for their default (see Wells Fargo Bank, N.A. v Shatles, 157 AD3d at 751-752; EMC Mtge. Corp. v Asturizaga, 150 AD3d 824; EMC Mtge. Corp. v Toussaint, 136 AD3d at 863; U.S. Bank, N.A. v Peters, 127 AD3d at 742-743; Bank of NY v Lagakos, 27 AD3d at 679). Consequently, it is unnecessary to consider whether they presented a potentially meritorious defense (see EMC Mtge. Corp. v Asturizaga, 150 AD3d at 826).
The defendants failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would constitute a basis for vacatur of the judgment of foreclosure and sale and the order of reference in the interest of substantial justice (see Chase Manhattan Bank v Nath, 162 AD3d at 977-978; Wells Fargo Bank, N.A. v Choo, 159 AD3d 938, 939; Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 757).
We agree with the Supreme Court's determination to grant the plaintiff's motion for the appointment of a successor referee (see RPAPL 1321; CPLR 2001; MMAL Corp. v Edrich, 34 Misc 3d 1214[A], 2012 NY Slip Op 50069[U] [Sup Ct, Kings County]).
The defendants' remaining contentions are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court