Bank of N.Y. Mellon Trust Co., N.A. v Ross (2019 NY Slip Op 02051)





Bank of N.Y. Mellon Trust Co., N.A. v Ross


2019 NY Slip Op 02051


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-11649
 (Index No. 15190/13)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Kristin M. Ross, etc., appellant, et al., defendants.


David A. Bythewood, Mineola, NY, for appellant.
Blank Rome LLP, New York, NY (Jonathan M. Robbin and Jacquelyn A. DiCicco of counsel), and Leopold & Associates, PLLC, Armonk, NY (Saul Leopold of counsel), for respondent (one brief filed).



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kristin M. Ross appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated August 23, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate an order of reference dated July 18, 2016, entered upon that defendant's failure to appear or answer the complaint.
ORDERED that the order dated August 23, 2017, is affirmed, with costs.
In this action to foreclose a mortgage, an order of reference dated July 18, 2016, was entered upon the failure of the defendant Kristin M. Ross (hereinafter the defendant) to appear or answer the complaint. The defendant thereafter moved pursuant to CPLR 5015(a)(3) to vacate the order of reference, based upon the alleged "fraud, misrepresentation, or other misconduct" of the plaintiff. The defendant alleged that the plaintiff submitted fraudulent documents in support of its motion for an order of reference, i.e., that the plaintiff obtained the underlying order through "intrinsic fraud" (U.S. Bank, N.A. v Peters, 127 AD3d 742), rather than through "extrinsic fraud."
To prevail on a motion pursuant to CPLR 5015(a)(3) where intrinsic fraud is alleged, a defendant must demonstrate a reasonable excuse for her default and a potentially meritorious defense (see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 756, 757; EMC Mtge. Corp. v Asturizaga, 150 AD3d 824, 826; LaSalle Bank N.A. v Oberstein, 146 AD3d 945; U.S. Bank, N.A. v Peters, 127 AD3d at 742-743; Bank of N.Y. v Lagakos, 27 AD3d 678, 679). Here, since the defendant failed to offer any excuse for her default, we agree with the Supreme Court's denial of the defendant's motion pursuant to CPLR 5015(a)(3) to vacate her default (see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d at 757; EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 863; U.S. Bank, N.A. v Peters, 127 AD3d at 743).
As to the defendant's additional contention, that the plaintiff lacked standing, we agree with the Supreme Court's determination that the issue had been waived by the defendant's failure to raise it in a pre-answer motion to dismiss, or to serve an answer to the complaint asserting lack of standing as an affirmative defense (see US Bank National Association v Nelson, ___ AD3d [*2]___, 2019 NY Slip Op 00496 [2d Dept 2019]; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182; JP Morgan Mtge. Acquisition Corp. v Hayles, 113 AD3d 821, 822; Citibank, N.A. v Swiatkowski, 98 AD3d 555, 556).
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court