U.S. Bank Natl. Assn. v Persaud (2019 NY Slip Op 06528)





U.S. Bank Natl. Assn. v Persaud


2019 NY Slip Op 06528


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-03788
 (Index No. 12981/12)

[*1]U.S. Bank National Association, etc., respondent,
v
Neville M. Persaud, et al., appellants.


David A. Bythewood, Mineola, NY, for appellants.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Edward Rugino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated January 5, 2018. The order denied the defendants' motion pursuant to CPLR 5015(a)(3) to vacate a prior order of the same court dated October 5, 2016, and a judgment of foreclosure and sale of the same court entered April 7, 2017.
ORDERED that the order dated January 5, 2018, is affirmed, with costs.
In 2012, the plaintiff commenced this action to foreclose a mortgage against Neville M. Persaud (hereinafter Neville), "John Does," and "Jane Does." Neville answered the complaint and asserted, inter alia, an affirmative defense that the plaintiff lacked standing. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Neville, to strike Neville's answer, to appoint a referee to determine the amount due, and to amend the caption to substitute Routie Persaud (hereinafter Routie, and together with Neville, the defendants) in place of "John Does" and "Jane Does." Neville opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. By order dated October 5, 2016, the Supreme Court granted the plaintiff's motion and denied Neville's cross motion. The plaintiff subsequently moved for a judgment of foreclosure and sale. In a judgment of foreclosure and sale entered April 7, 2017, the court, inter alia, directed the sale of the subject premises.
On or about August 16, 2017, the defendants moved pursuant to CPLR 5015(a)(3) to vacate the order dated October 5, 2016, and the judgment of foreclosure and sale. The defendants argued, among other things, that the plaintiff committed fraud by submitting fraudulent documents in support of its motion, inter alia, for summary judgment on the complaint. By order dated January 5, 2018, the Supreme Court denied the defendants' motion. The defendants appeal.
CPLR 5015(a)(3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." The defendants' contention that the plaintiff obtained the order dated October 5, 2016, and the judgment of foreclosure and sale through the submission of fraudulent documents amounts to an allegation of intrinsic fraud (see U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121; Chase Manhattan Bank v [*2]Nath, 162 AD3d 975, 977). Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; Wells Fargo Bank, N.A. v Shatles, 157 AD3d 750, 751).
Here, the defendants failed to offer any excuse for Routie's default in appearing or answering the complaint, or their default in opposing the plaintiff's motion for a judgment of foreclosure and sale (see Wells Fargo Bank, N.A. v Shatles, 157 AD3d at 751; Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 756, 757; EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 863). Furthermore, the defendants failed to meet their burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff that would warrant vacatur of the order dated October 5, 2016, and the judgment of foreclosure and sale pursuant to CPLR 5015(a)(3) (see Deutsche Bank Natl. Trust Co. v Conway, 169 AD3d 641, 642; Wells Fargo Bank, N.A. v Graffioli, 167 AD3d 969, 972; Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 751; LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945). Accordingly, we agree with the Supreme Court's determination denying the defendants' motion.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court