Pei Qi Chen v Chen (2020 NY Slip Op 04565)





Pei Qi Chen v Chen


2020 NY Slip Op 04565


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-05569
 (Index No. 712812/15)

[*1]Pei Qi Chen, appellant, 
v
Billy Chen, defendant, Lifang Gao, et al., respondents.


Popick & Rutman, Flushing, NY (Rick J. Rutman of counsel), for appellant.
Vincent S. Wong, New York, NY (Eugene Kroner of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 18, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Lifang Gao and Zhi You Gao which was pursuant to CPLR 5015(a)(3) to vacate a judgment of the same court (Martin E. Ritholtz, J.) entered December 23, 2016, insofar as asserted against them, upon their failure to appear or answer the complaint, and, in effect, to deem their answer timely served.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Lifang Gao and Zhi You Gao which was pursuant to CPLR 5015(a)(3) to vacate the judgment insofar as asserted against them, and, in effect, to deem their answer timely served is denied.
On December 11, 2015, the plaintiff commenced this action against the defendants to recover, inter alia, a real estate brokerage commission for the sale of certain real property in Brooklyn. After the defendants failed to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment against the defendants on April 13, 2016. By order dated August 31, 2016, the Supreme Court granted the plaintiff's motion, without opposition. On October 13, 2016, the defendants Lifang Gao and Zhi You Gao (hereinafter together the respondents) filed an answer with the court. After an inquest on the issue of damages on October 14, 2016, the court awarded the plaintiff the sum of $56,000. On December 23, 2016, the court entered a judgment in favor of the plaintiff and against the defendants in the principal sum of $56,000.
In December 2018, the respondents moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the judgment insofar as asserted against them, and, in effect, to deem their answer timely served. The plaintiff opposed the motion. In an order entered April 18, 2019, the court granted that branch of the respondents' motion. The plaintiff appeals.
CPLR 5015(a)(3) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just . . . upon the ground of . . . fraud, misrepresentation, or other misconduct of an adverse party." Although there is no express time limit for seeking relief from a judgment pursuant to CPLR 5015(a)(3), a party is required to make the [*2]motion within a reasonable time (see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894; Empire State Conglomerates v Mahbur, 105 AD3d 898, 899; Bank of N.Y. v Stradford, 55 AD3d 765). Here, the respondents' delay of approximately two years after entry of the judgment in moving to vacate the judgment, despite their awareness of all relevant facts surrounding the issue, was unreasonable (see Wells Fargo Bank, N.A. v Graffioli, 167 AD3d 969, 971; Bank of N.Y. v Stradford, 55 AD3d 765; Citicorp Vendor Fin., Inc. v Island Garden Basketball, Inc., 27 AD3d 608, 609).
In any event, the respondents failed to provide a reasonable excuse for the default, which is required when a CPLR 5015(a)(3) motion alleges intrinsic fraud, i.e., that the plaintiff's allegations are false (see New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012; Bank of N.Y. v Stradford, 55 AD3d at 765-766). The respondents' conclusory and unsubstantiated allegations of law office failure and incompetence on the part of their prior counsel were insufficient to establish an excusable default (see Torres v Rely On Us, Inc., 165 AD3d 731, 733; Huggins v Parkset Supply, Ltd., 24 AD3d 610, 611).
Accordingly, that branch of the respondents' motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment insofar as asserted against them, and, in effect, to deem their answer timely served should have been denied.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court