ETrade Bank v Ejenam (2020 NY Slip Op 06756)





ETrade Bank v Ejenam


2020 NY Slip Op 06756


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2018-00769
 (Index No. 20980/08)

[*1]ETrade Bank, respondent, 
v
Anthony C. Ejenam, appellant, et al., defendants.


Law Office of Joseph N. Obiora LLC, Jamaica, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Edward L. Poff and Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anthony C. Ejenam appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 6, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court (Sylvia G. Ash, J.) dated February 20, 2013, entered upon his failure to appear or answer the complaint, and an order of the same court (Sylvia G. Ash, J.) dated April 19, 2017, granting the plaintiff's motion to set the date of a foreclosure sale.
ORDERED that the order dated November 6, 2017, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Anthony C. Ejenam (hereinafter the defendant). The defendant failed to answer the complaint or to otherwise appear in the action. After the Supreme Court appointed a referee to compute the amount due to the plaintiff and the referee issued a report, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the plaintiff's motion and sought to vacate his default, alleging that he failed to answer the complaint or appear in the action because he was not served with process, and, further, that he had meritorious
defenses to the foreclosure action, including that the plaintiff lacked standing to foreclose at the time of commencement. The Supreme Court reserved decision on the plaintiff's motion and referred the matter to a referee for a hearing to determine the validity of service of process. The defendant failed to appear at the hearing, and the court determined that the defendant was properly served with the summons and complaint and that his contentions regarding, among other things, the plaintiff's lack of standing were without merit. However, as the plaintiff failed to submit a copy of the assignment of the note in support of its motion, the court denied the plaintiff's motion, inter alia, for a judgment of foreclosure and sale without prejudice to renew upon proper papers.
The plaintiff subsequently moved for leave to renew its motion, among other things, for a judgment of foreclosure and sale. The Supreme Court granted the motion, finding that "the [p]laintiff is the assignee of both the subject mortgage and the underlying note and therefore has standing in this action." After the court issued a judgment of foreclosure and sale, the defendant filed for bankruptcy on several occasions, which resulted in multiple stays of the sale of the subject [*2]property. Thereafter, the plaintiff moved to set the date of the foreclosure sale, and in an order dated April 19, 2017 (hereinafter the sale order), the court granted the plaintiff's motion. The defendant then moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the sale order and the judgment of foreclosure and sale. In an order dated November 6, 2017, the court denied the defendant's motion. The defendant appeals.
"'CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party'" (U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121, quoting EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862-863). The defendant's contention that the plaintiff obtained the judgment of foreclosure and sale through fraudulent misrepresentations pertaining to its possession of the note at the time of commencement of the action amounts to an allegation of intrinsic fraud (see U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; EMC Mtge. Corp. v Toussaint, 136 AD3d at 862-863). Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see US Bank N.A. v Galloway, 150 AD3d 1174; Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915; New Century Mtge. Corp. v Corriette, 117 AD3d 1011).
Here, the defendant failed to offer a reasonable excuse for his default in the action (see EMC Mtge. Corp. v Asturizaga, 150 AD3d 824; EMC Mtge. Corp. v Toussaint, 136 AD3d at 863). "Consequently, it is unnecessary to consider whether [the defendant] presented a potentially meritorious defense" (U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; see EMC Mtge. Corp. v Asturizaga, 150 AD3d at 826).
The defendant's remaining contentions are either academic or without merit.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court