Matter of Mission Field Church, Inc. (2023 NY Slip Op 01676)

Matter of Mission Field Church, Inc.

2023 NY Slip Op 01676

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-13548
2019-13549
 (Index No. 1963/18)

[*1]In the Matter of Mission Field Church, Inc., respondent. Anthony Lindsay III, proposed intervenor-appellant.

Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens, NY (Dustin Bowman and Matthew J. Routh of counsel), for proposed intervenor-appellant.
Berger, Fischoff, Shumer, Wexler & Goodman, LLP, Syosset, NY (Brad A. Schlossberg of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Religious Corporations Law § 18 for the judicial dissolution of a religious corporation, the proposed intervenor Anthony Lindsay III appeals from two orders of the Supreme Court, Kings County (Lisa S. Ottley, J.), both dated September 5, 2019. The first order, insofar as appealed from, denied that branch of the motion of the proposed intervenor Anthony Lindsay III which was pursuant to CPLR 5015(a) to vacate an order of the same court dated November 14, 2018, granting the second amended petition for the judicial dissolution of the petitioner, and granted that branch of the petitioner's cross-motion which was to cancel a mechanic's lien filed against certain real property. The second order, insofar as appealed from, in effect, denied the same relief to the proposed intervenor Anthony Lindsay III.
ORDERED the orders dated September 5, 2019, are affirmed insofar as appealed from, with one bill of costs.
The petitioner commenced this proceeding pursuant to Religious Corporations Law § 18 for the judicial dissolution of itself as a religious corporation. In an order dated November 14, 2018, the Supreme Court granted the second amended petition for judicial dissolution. Subsequently, the proposed intervenor Anthony Lindsay III, a member of the petitioner's board of the directors, moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated November 14, 2018. The petitioner cross-moved, among other things, to cancel a mechanic's lien that was filed by Lindsay on behalf of a limited liability company against certain real property owned by the petitioner. In an order dated September 5, 2019, the Supreme Court, inter alia, denied that branch of Lindsay's motion which was pursuant to CPLR 5015(a) to vacate the order dated November 14, 2018, and granted that branch of the petitioner's cross-motion which was to cancel the mechanic's lien. In a second order dated September 5, 2019, the court, among other things, in effect, denied that branch of Lindsay's motion which was pursuant to CPLR 5015(a) to vacate the order dated November 14, 2018. Lindsay appeals.
The Supreme Court properly denied that branch of Lindsay's motion which was pursuant to CPLR 5015(a) to vacate the order dated November 14, 2018. Contrary to Lindsay's [*2]contention, he did not allege "extrinsic fraud," which is "a fraud practiced in obtaining a judgment such that a party may have been prevented from fully and fairly litigating the matter" (Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 756, 757 [internal quotation marks omitted]). Rather, he alleged "intrinsic fraud, i.e., that the allegations in the [petition] are false" (LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945). "Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (U.S. Bank, N.A. v Gadson, 181 AD3d 748, 748). Here, since Lindsay failed to present an excuse for his default, it is unnecessary to consider whether he presented a potentially meritorious defense (see HSBC Bank USA, N.A. v Walker, 201 AD3d 795, 797).
Lindsay's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court